IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD PALMORE, <br><br> Petitioner <br><br> VS. <br><br> PATRICIA HICKS, WARDEN, <br><br> Respondent | NO. 5:05-CV-414(CAR) <br><br><br> PROCEEDINGS UNDER 28 U.S.C. §2254 <br> BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner EDWARD PALMORE has filed a petition seeking federal habeas corpus relief. Tab #2. He has sued PATRICIA HICKS, Warden of the prison in which he is incarcerated, alleging eight grounds that he claims entitle him to federal habeas corpus relief. Respondent HICKS has filed an answer/response to the petitioner's petition. Tab #13. After careful consideration, the undersigned recommends that the petitioner's petition be **DENIED**.

### I. Procedural History

On September 23, 1997, petitioner Palmore was indicted by a Hancock County grand jury for four counts of cruelty to children. On July 16, 1998, he was found guilty of one count of cruelty to children and sentenced to a total of twenty years' imprisonment for that offense.

Petitioner appealed his conviction to the Georgia Court of Appeals where his conviction was affirmed. *Palmore v. State*, No. A01A1171 (Ga. App. Sept. 13, 2001). In its decision, the Georgia Court of Appeals found the following facts:

> The relevant facts demonstrate that Palmore and Britt Hopkins ran Project Possibilities, a residential child care program in Hancock County, which housed children who had been adjudicated delinquent by a juvenile court. On September 12, 1997, K.G., a twelve-year-old boy who resided at the facility, stole a piece of cheese from the kitchen. The infraction evidently angered Palmore, who struck the child. K.G. was then tied to his bed, and Palmore, Hopkins, and several of the youths at the facility proceeded to beat K.G. with belts. Eventually, K.G. was dragged outside where the beatings continued.

> On September 15, 1997, Mike Wolfe, an investigator with the Hancock County Sheriff's Department, arrived at Project Possibilities to investigate a vandalism incident. Wolfe spoke with Hopkins, who agreed to let Wolfe interview the children. The same day, Maria Martin, a residential placement specialist with the Department of Juvenile Justice, visited the facility. According to Martin, she is required to make announced visits to such residential facilities to monitor the programs.
>
> Martin learned of the vandalism investigation, and she and Wolfe entered the home to speak with K.G. According to Martin, when she saw K.G., he had "facial bruises," swollen, bloodshot eyes, "cuts and bruises on his back," and "a deep gash on his face." Wolfe took pictures of the injuries, and the photographs were tendered into evidence. Wolfe also discovered several items that had been used in K.G.'s beating, including a chain, a padlock, and a concrete block, which were shown to the jury.
>
> *Palmore* at 1-2

On September 18, 2002, petitioner Palmore filed a habeas corpus petition in Coffee County, Georgia. On November 4, 2004, the petitioner's state petition was denied. On September 20, 2005, the petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief was denied.

The petition at bar was filed on October 13, 2005 in the District of Northern Georgia. On October 26, 2005 the petition was transferred to the District of Middle Georgia. Since the petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), it will be reviewed pursuant to the standards of the Act.

## II. Need for an Evidentiary Hearing

Under the AEDPA, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case.

2

### III. Legal Standards: Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. Discussion

#### 1. Claims Precluded from Review

Ground One of the petition at bar alleges that the police conducted an unlawful search and seizure of petitioner's domicile. Ground Two contends that there was not a "full and fair litigation" of the petitioner's motion to suppress evidence. These two grounds are precluded from review pursuant to the United States Supreme Court ruling in ***Stone v. Powell***, 428 U.S. 465 (1976), which holds that "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" if the state provided an opportunity for litigation of the Fourth Amendment claim *Id.* at 494. Since PALMORE had an opportunity to raise these claims in his state proceedings, this federal court is precluded from granting relief on either basis.

#### 2. Procedurally Defaulted Claims

Various claims asserted by the petitioner in this proceeding have been, or would now be found to be, procedurally defaulted by the state courts. Specifically, grounds three,[1] four,[2] five,[3] six[4] and seven[5] are procedurally defaulted.

The Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. ***Engle v. Isaac***, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); ***Wainwright v. Sykes***, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

---

[1] Ineffective assistance of counsel

[2] Government witness giving an opinion in testimony within the province of the jury

[3] Witness giving perjured testimony

[4] Plaintiff was without a necessary document at trial.

[5] Denial of right to counsel.

The Supreme Court has declined to essay a comprehensive list of circumstances that would justify a finding of cause. ***Smith v. Murray***, 477 U.S. 527, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986). However, the Court has made it clear that the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. ***Murray v. Carrier***, 477 U.S. 478, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

In other words, cause requires a showing of some external impediment preventing counsel from constructing or raising the claim. ***McCleskey v. Zant***, 499 U.S. 467, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented the petitioner from raising the claim. ***Murray v. Carrier***, 106 S.Ct. at 2645.

To show prejudice, a federal habeas petitioner generally must show that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. ***United States v. Frady***, 456 U.S. 152, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

A federal court can also consider claims that have been procedurally defaulted at the state court level if a resulting fundamental miscarriage of justice would occur if it did not consider them. ***Coleman v. Thompson***, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *See also* ***Aldridge v. Dugger***, 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of someone actually innocent. ***Murray v. Carrier***, 106 S.Ct. at 2649.

After thoroughly reviewing his arguments, the undersigned concludes that Palmore has not demonstrated cause and prejudice to excuse his procedurally defaulted claims and is unconvinced that the petitioner is entitled to avail himself of the fundamental miscarriage of justice exception.

## 2. Ground Which Fails to State a Constitutional Claim

Petitioner PALMORE's eighth ground for relief alleges that "irrelevant, prejudicial material not placed in evidence was discussed." In support of this ground, petitioner simply states that "a concrete block which was not admitted as evidence was brought into the courtroom and discussed by the prosecution and defense." At the outset, the undersigned notes that the admissibility of evidence in a state prosecution is a matter of state law and such questions are generally raised only on direct appeal and are not properly presented in a federal habeas corpus proceeding. Similarly, the question of state procedure dealing with the admissibility of evidence is not open to attack by way of federal habeas corpus, and the admission of testimony in a state prosecution in violation of state rules of evidence does not alone entitle the petitioner to habeas corpus relief. Nevertheless, a federal court is obliged to consider a claim of infringement of federal constitutional rights. Having reviewed the record in this case, and in the absence of any showing by the petitioner that the presence of or discussion about the concrete block rose to an infringement of his constitutional rights, this ground is without merit.

In light of the above, and after a careful review of the record and the standards set forth in 28 U.S.C. § 2254(d), IT IS RECOMMENDED that the petition of EDWARD PALMORE for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 13th day of APRIL, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE